348 A.2d 416

**In re Deed of TRUST of Henry C. FOWNES,
Dated December 7, 1933, known as "the
Amy Fownes Schaeffer Trust".**

**Appeal of Sara Mary Barnes ROBY et al.**

Supreme Court of Pennsylvania.

July 7, 1975.

Rehearing Denied Oct. 16, 1975.

E. A. Craig, III, Kirkpatrick, Lockhart, Johnson & Hutchison, George R. Knapp, Pittsburgh, for appellants.

Richard P. Brown, Jr., Francis W. Sullivan, Philadelphia, J. Paul Farrell, McKeesport, Fredrick J. M. LaValley, Philadelphia, for appellee John Barnes, III; Morgan, Lewis & Bockius, of counsel.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## ORDER

PER CURIAM.

The vote of the Court being equally divided, the decree of the lower court is affirmed. Parties to bear own costs.

POMEROY, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed an opinion in support of affirmance in which Manderino, J., joins.

NIX, J., would affirm.

JONES, C. J., filed an opinion in support of reversal.

EAGEN and O'BRIEN, JJ., would reverse.

## OPINION IN SUPPORT OF AFFIRMANCE

ROBERTS, Justice.

In *Tafel Estate,* 449 Pa. 442, 296 A.2d 797 (1972), the Court expressly overruled *Fownes Trust,* 421 Pa. 476, 220 A.2d 8 (1966). The orphans' court, in auditing the present partial account, correctly viewed *Fownes* as "no longer the law in this Commonwealth" and properly performed its duty to apply "the law in effect at the time of the audit." *Arrott Estate,* 421 Pa. 275, 281, 217 A.2d 741, 745 (1966). Therefore, the decree of the orphans' court should be affirmed. See *Tower Estate,* 463 Pa. 93,

103, 343 A.2d 671, 677 (1975) (dissenting opinion); see also *Fownes Trust,* supra, 421 Pa. at 481–84, 220 A. 2d at 11–12 (dissenting opinion).

MANDERINO, J., joins in this opinion.

## OPINION IN SUPPORT OF REVERSAL

JONES, Chief Justice.

Henry C. Fownes, settlor-grantor of "The Amy Fownes Schaeffer Trust," died on September 27, 1935. Two years before his death, settlor had executed an inter vivos trust for the benefit of his daughter, Amy, for life, with remainder to children who survive her and to issue of any child who might predecease her or die before termination of the trust.[1] At the time of execution Amy had four children: Sara Mary Barnes Roby, then twenty-six years of age; Thomas Barnes, II, then twenty-five; John Barnes, Jr., then twenty-three; and Amy Fownes Landeck, then nineteen. Amy Fownes Schaeffer died January 4, 1936, and all of her four children survived her.

Amy's son, John Barnes, Jr., died April 17, 1963. He had no natural children but on December 20, 1943, he adopted John Barnes, III, then an infant some two months of age. Amy's other son, Thomas Barnes, II, died March 16, 1964. He had no natural children but on April 15, 1959, he adopted his stepson, Edward K. Swing, Jr., then an adult thirty-two years of age.

Amy Fownes Barnes Landeck died June 6, 1972, survived by three natural children. Sara Mary Barnes Roby is still living, as are three natural children.

In 1965, John Barnes, III, and Edward K. Swing Jr., intervened in the trustees' petition for distribution, seek-

---

1. The pertinent portions of the deed of trust are set forth in *Fownes Trust,* 421 Pa. 476, 478, 220 A.2d 8, 9 (1966).

ing to share in the Amy Fownes Schaeffer Trust as adopted children of Amy Fownes Schaeffer's children. This Court affirmed the decree of the Orphans' Court which had held that John Barnes, III, and Edward K. Swing, Jr., were not "issue" of their respective adoptive fathers within the meaning of the deed of trust created by Henry C. Fownes. *Fownes Trust*, 421 Pa. 476, 220 A.2d 8 (1966) (hereinafter *Fownes I*).

Subsequently, *Tafel Estate*, 449 Pa. 442, 296 A.2d 797 (1972), rendered a distinct change in Pennsylvania law in regard to adopted children. *Tafel* held that, in the absence of any intention in a will (or deed of trust) to the contrary, the testator is presumed to have intended to treat adopted children in the same manner as natural children. *Tafel* also stated that this Court would no longer find an intent by the testator or settlor to exclude adopted children solely on the basis that the instrument used such cryptic terms as "children" and "issue."

In 1973, the trustees of the Amy Fownes Schaeffer Trust filed their Sixth and Partial Account with the Orphans' Court and sought distribution via the same scheme which had been approved in *Fownes I*. John Barnes, III, the adopted son of John Barnes, Jr., again made claim to a distribution of the share of income previously distributed to his adoptive father on the basis of the decision in *Tafel*.[2] After learning of the decision in *Tafel*, dated November 17, 1972, the trustees have withheld one-third of the net income received. The Orphans' Court awarded to John Barnes, III, an appropriate share of the income from the trust. 23 Fid.Rptr. 517 (C.P.Alleg.1973).

2. Edward K. Swing, Jr., the adopted son of Thomas Barnes, II, did not renew his claim to a share of the trust income, apparently relying upon our holding in *Tafel* that that new rule of construction was limited to situations where the adoptee was a minor at the time of adoption. *Tafel Estate*, 449 Pa. at 454, 296 A. 2d at 803. Swing was thirty-two years old when he was adopted.

Initially, it appears that this appeal is governed by the principles which are announced this same day in *Tower Estate,* 463 Pa. 93, 343 A.2d 671 (1975). The *Tower* precedent dictates that the matter adjudicated in *Fownes I* is now res judicata and that the adopted child is precluded from relitigating his claim.

Admittedly, there is a material difference between the Fownes Deed of Trust and Tower Will. In our more recent decision in *Tower Estate,* we stated:

> "But Tower's Will contains more than just passing references to 'children' or 'grandchildren,' and testator's intent is clear beyond question. It is replete with the words 'children,' 'grandchildren,' 'issue' and 'lineal descendants' used in a methodical, precisely-drawn instrument which clearly illustrates that the bounty of the trust was to be confined to bloodlines only."

463 Pa. at 105, 343 A.2d at 676.

The Fownes Deed of Trust does not manifest such a strong dispositive scheme to exclude adoptees. It is highly likely that *Fownes I* did rely upon the older legal definition of "children" and "issue" to find an intent on the part of the settlor to exclude adoptees. If we were reviewing the Fownes Deed of Trust for the first time now, a majority of this Court would probably conclude that there was an absence of intention in the Deed of Trust regarding adopted children. The language of the settlor, viewed in light of our more recent jurisprudence in this area, demonstrates a likelihood that the settlor never contemplated the existence of adopted children in his daughter's line of descendants.

But we cannot now correct the *Fownes I* decision. That decision of this Court forever vested the income of the deed of trust in the natural progeny of Amy Fownes Schaeffer. Although a separate fund is now contested here, the separate funds exception to the res judicata rule cannot be utilized to defeat property rights which

have already been vested absolutely by a decision of this Court. *Tower Estate,* 463 Pa. 108, 343 A.2d 671 (1975).

Therefore, I would reverse the decree of the court below and remand the case for disposition in accordance with this opinion.